## STATE v. CHARLES BLACKWELL.

### (Filed 9 March, 1927.)

**Homicide—Murder—Evidence—Dying Declarations—Defenses.**

> Dying declarations on a trial for murder made by the deceased with knowledge of approaching death resulting from a pistol shot in the hands of the defendant, which caused the death, are admissible in behalf of the defendant as tending to show that the death resulted from an accident.

APPEAL by defendant from *Cranmer, J.,* at January Term, 1927, of CRAVEN.

The defendant was indicted for murder and convicted of manslaughter. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. H. Davis and D. H. Willis for defendant.*

ADAMS, J. The State did not ask for the defendant's conviction of murder in the first degree, but offered evidence tending to show and requested a verdict for murder in the second degree. The defense was homicide *per infortunium,* or by misadventure. The defendant testified in substance that he had known the deceased for more than a year; that the two were on friendly terms; that the deceased when drinking turned

his pistol over to the defendant and requested him to keep it; that the defendant afterwards in the act of returning the pistol took it from under the seat of his car, when it accidentally exploded and wounded the deceased. In support of his defense he offered the following testimony of Dr. Fisher, who attended the deceased:

"Q. Did you see him in his last sickness there? A. Yes, sir.

"Q. How long before he died were you in his presence? About how long, if you know? A. About two hours, I guess.

"Q. Did he make any statement to you the last time that you saw him? A. Not the last time.

"Q. The time before the last? A. Yes, sir, several times.

"Q. Did he make this statement in view of impending death? Did he know he was going to die? A. Yes, sir.

"Q. He knew he was going to die? A. He told me that he did. I don't know that he knew.

"Q. He said he was going to die? A. Yes, he said he was going to die.

"Q. Now, what were those statements?"

The State's objection to the last question was sustained, but the witness would have answered, "That the defendant went to hand him the gun and it fired."

The evidence was excluded probably on the theory that dying declarations are admissible only against the defendant and not in his favor; but the general rule is that they are restricted to the act of killing and the circumstances immediately attending the act and are admissible in behalf of the defense and not confined to their introduction by the prosecution. Wharton says: "The dying declarations of the deceased may be received in favor of the defendant. Upon an indictment for manslaughter a surgeon stated that the deceased seemed perfectly sensible of the dangerous state in which he was, and said he knew he could not get better, and afterwards said, 'I don't think he (defendant) would have struck me if I had not provoked him.' *Coleridge J.,* at first expressed some doubt whether he ought to receive the statement, but afterwards admitted it, observing that it might have an influence on the grade of guilt. But such declarations must be made under a sense of impending dissolution, and they must be relevant to the immediate fact of killing. Hence unless part of the *res gestæ,* they cannot be received to prove the defendant's insanity." 1 Cr. Ev., page 226, sec. 304. And *Underhill:* "The dying declaration may be introduced not only as evidence against the accused, but in his favor as well." Cr. Ev., page 138, sec. 110. In *Mattox v. United States,* 146 U. S., 140, 153, 36 Law Ed., 917, 921, the Court said: "Dying declarations are admissible on a trial for murder as to the fact of the homicide, and the person by whom it was committed in favor of the defendant as well as against him. 1 East,

P. C., 353; *Rex v. Schaife,* 1 Mood. & R., 551; *United States v. Taylor,* 4 Cranch C. C., 338; *Moore v. State,* 12 Ala., 764; *Com. v. Matthews,* 89 Ky., 287." See, also, 30 C. J., 251, sec. 493, with citation of the leading cases which uphold the principle.

In the exclusion of the proposed evidence there was error which entitles the defendant to a new trial. This is admitted in the brief filed on behalf of the State.

New trial.